UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Vervain, LLC, <br> *Plaintiff*, <br><br> v. <br><br> Kingston Technology Company, Inc., <br> Kingston Digital, Inc., Kingston <br> Digital, Inc., Kingston Technology <br> Corporation, <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 1-24-CV-00254-ADA |

**ORDER DENYING MOTION TO TRANSFER VENUE**

Before the Court is Defendants' motion to transfer venue[1] and Plaintiff's motion to strike new evidence and argument raised in Defendants' reply brief.[2] After considering the motions and the relevant law, the Court finds that the motion to transfer should be denied and the related motion to strike should be granted.

**BACKGROUND**

In March 2024, Vervain, LLC brought this patent infringement suit against Kingston Technology Company, Inc., Kingston Digital, Inc., and Kingston Technology Corporation (collectively, "Kingston").[3] Vervain alleges that Kingston infringed eight patents that address specific improvements for controlling non-volatile memory modules.[4] Kingston now moves to transfer this case to the Central District of California where its headquarters is located.[5] Vervain has opposed Kingston's motion

---

[1] Dkt. 20.
[2] Dkt. 36.
[3] Dkt. 1, at 1.
[4] Dkt. 10, at ¶¶ 2, 50.
[5] Dkt. 20, at 1; Dkt. 20-1, at ¶ 7.

1

to transfer and has moved to strike new evidence and arguments that Kingston introduced in its reply brief.[6]

## LEGAL STANDARD

Section 1404(a) permits a district court to "transfer any civil action to any other district or division where it might have been brought" if it is "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). When determining whether to transfer a case under this provision, the Court's analysis proceeds in two parts. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). First, the Court must "ask whether the case 'might have been brought' in the destination venue." *Id.* (quoting 28 U.S.C. § 1404(a)). Second, the Court must weigh several private and public interest factors "to determine whether the destination venue is 'clearly more convenient than the venue chosen by the plaintiff.'" *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen 2*)).

There are a total of eight private and public interest factors. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious[,] and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen 1*). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in

---

[6] Dkt. 26, at 1; Dkt. 36, at 1.

2

having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* None of these factors are dispositive, and the Fifth Circuit has "cautioned against a 'raw counting of the factors' that 'weigh[s] each the same.'" *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013)).

The party who seeks to transfer the case has the burden to "adduce evidence and arguments that clearly establish good cause for transfer." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). "At minimum, showing 'good cause' requires the movant 'clearly [to] demonstrate' that its chosen venue is 'clearly more convenient.'" *In re Clarke*, 94 F.4th at 508 (quoting *Def. Distributed*, 30 F.4th at 433). That is, "a movant must show '(1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *In re Clarke*, 94 F.4th at 508.

## DISCUSSION

### A. Motion to Strike

The Court begins by considering whether to strike the new evidence that Kingston presented in its reply brief. Kingston attached a declaration to its reply brief identifying two of its employees who have knowledge about the accused products and work at Kingston's headquarters in Fountain Valley, California.[7] Kingston included

---

[7] Dkt. 32, at 3; *see* Dkt. 33-1, at 3.

this declaration in response to Vervain's argument that Kingston "fail[ed] to specifically identify even one Kingston employee they believe to be potentially important to this case."[8] Vervain now moves to strike the declaration and the references to the two employees in Kingston's reply brief.[9]

The Court finds that Vervain's motion should be granted. The Fifth Circuit recently reiterated that "when a party raises new arguments *or evidence* for the first time on reply, the district court must either give the party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petrol. Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (emphasis added). In that case, the Fifth Circuit held that the district court abused its discretion by denying a party leave to file a sur-reply after the other party presented "key new evidence" in its reply brief directly related to the parties' class certification dispute. *Id.* Here, Kingston presented the declaration identifying two of its employees for the first time in its reply brief.[10] This declaration constitutes "key new evidence" directly related to the parties' venue dispute: whether Kingston has witnesses who will face an increased cost of attendance if the case remains in this court. The Court therefore exercises its discretion to not consider the declaration in ruling on this motion.

### B. Motion to Transfer

Turning to the motion to transfer, the first question is whether this case "might have been brought" in the destination venue. *See* 28 U.S.C. § 1404(a). Kingston

---

[8] Dkt. 26, at 10.
[9] Dkt. 36, at 5.
[10] *Compare* Dkt. 20, *with* Dkt. 32, at 3.

argues that Vervain could have filed this case in the Central District of California because Kingston is headquartered there.[11] Vervain does not dispute that this case could have been filed in that district.[12] The Court agrees and will now consider the private and public interest factors to determine whether the destination venue is "clearly more convenient" than this venue. *Volkswagen 2*, 545 F.3d at 315.

### 1. Relative Ease of Access to Sources of Proof

"The first factor focuses on the location of 'documents and physical evidence relating to the [case].'" *In re TikTok*, 85 F.4th at 358 (quoting *Volkswagen 2*, 545 F.3d at 316). In patent infringement cases, most of the relevant evidence usually comes from the alleged infringer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). So "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.* (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). Another circumstance that weighs in favor of transfer is when "the current district lacks any evidence relating to the case." *In re TikTok*, 85 F.4th at 358.

This factor bears less strongly on the transfer analysis when "the vast majority of the evidence [is] electronic, and therefore equally accessible in either forum." *Id.* at 358–59 (quoting *In re Planned Parenthood*, 52 F.4th at 630). But "while electronic storage of documents makes them more widely accessible than was true in the past, that does not make [this] factor irrelevant." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021). When documents are stored electronically, courts should consider both "the location of servers where documents are stored" as well as "the

---

[11] Dkt. 20, at 4.
[12] *See* Dkt. 26.

location of document custodians and location where documents are created and maintained." *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (*Google 1*).

Kingston argues that this factor tilts sharply in favor of transfer.[13] Kingston asserts that it "does not maintain any design, research, development, engineering, testing, or manufacturing documents" related to the accused products in this district and that there are no "marketing, sales or finance documents" in this district.[14] Instead, Kingston explains that its documents in the United States are maintained on servers at its headquarters in Fountain Valley, California, which is within the Central District of California.[15] Kingston also asserts that it does not have employees in this district with access to its documents.[16]

Vervain argues that this factor is neutral.[17] Vervain first notes that its records are located in Texas, so their location weighs against transfer.[18] Vervain then observes that Kingston never states that its documents cannot be produced electronically outside of California, nor does Kingston identify inaccessible source code relevant to this case.[19] Vervain argues that to the extent the location of Kingston's electronic records is given weight, Kingston does not specifically allege that its technical documents are key to this case.[20]

---

[13] Dkt. 20, at 5.
[14] *Id.*
[15] *Id.*; Dkt. 32, at 2.
[16] Dkt. 20, at 5.
[17] Dkt. 26, at 5.
[18] *Id.*
[19] *Id.*
[20] *Id.* at 6.

The Court finds that this factor weighs in favor of transfer. Kingston maintains its U.S. documents on servers in the Central District of California.[21] While Kingston does not dispute that its documents could be produced electronically elsewhere, that does not render this factor irrelevant. *See In re Juniper Networks*, 14 F.4th at 1321. Kingston asserts that it does not have employees in Texas with access to the relevant documents.[22] This suggests that it would be more difficult for Kingston to access its documents in this district than it would be in the Central District of California.

Vervain faults Kingston for not stating that it has source code accessible only to certain employees.[23] But "the question under the first factor is '*relative* ease of access, not *absolute* ease of access.'" *In re TikTok*, 85 F.4th at 359 (quoting *In re Radmax, Ltd.*, 720 F.3d at 288). Given that Kingston does not have employees in this district with access to the relevant documents, but it does have such employees in the Central District of California, it would be relatively easier for Kingston to access its documents in that district than it would be here.

Vervain also faults Kingston for not alleging that any of its technical documents are key to this case.[24] But Kingston's U.S. documents are maintained on servers in the Central District of California,[25] and in patent cases, "where the defendant's documents are kept weighs in favor of transfer to that location." *See In re*

---

[21] Dkt. 20-1, at ¶ 9.
[22] *Id.*
[23] *See* Dkt. 26, at 5.
[24] Dkt. 26, at 6.
[25] Dkt. 20-1, at ¶ 9.

7

*Apple*, 979 F.3d at 1340 (quoting *In re Genentech*, 566 F.3d at 1345). The Court is not persuaded by Vervain's argument on this point.

Lastly, Vervain notes that its own records are located in Texas.[26] Vervain has not, however, specified where its records are stored *within* Texas.[27] Vervain's principal place of business is in Dallas, Texas, and all of Vervain's work occurs in the Dallas area.[28] So logic suggests that Vervain does not keep relevant documents in this district. *See Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*, No. 1:23-CV-1143-DII, 2024 WL 4182592, at *4 (W.D. Tex. July 10, 2024) (noting that because the plaintiff was not located in the district, it was exceedingly unlikely that they had relevant documents there). Accordingly, the Court finds that this factor weighs in favor of transfer.

### 2. Availability of Compulsory Process

"The second factor focuses on 'the availability of compulsory process to secure the attendance of witnesses.'" *In re TikTok*, 85 F.4th at 360 (quoting *Volkswagen 2*, 545 F.3d at 315). This factor favors transfer where non-party witnesses are outside of the district's subpoena power and a proper venue that has subpoena power is available. *Id*. But this factor "receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *Id*. (quoting *In re Planned Parenthood*, 52 F.4th at 630–31).

---

[26] Dkt. 26, at 5.
[27] *See id*.
[28] Dkt. 10, at ¶ 4; Dkt. 26-2, at 2–3.

Rule 45 governs a district court's subpoena power. *See* FED. R. CIV. P. 45. Under this rule, a court may subpoena a witness to attend a trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1)(A). A court may also subpoena a witness to attend a trial "within the state where the person resides, is employed or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1)(B).

Kingston argues that this factor weighs heavily in favor of transfer.[29] Kingston notes that two implicated non-parties, Silicon Motion and Phison, maintain their U.S. presence in California.[30] Kingston argues that these non-parties will be a primary source of evidence and that a court in the Central District of California will have a better chance of compelling the attendance of their employees.[31] Kingston further argues that a prior art inventor, Mark Moshayedi, lives in the Central District of California.[32] Kingston adds that many other prior art inventors reside in California and could likely be compelled to testify in the Central District of California.[33]

Vervain argues that this factor disfavors transfer.[34] Vervain notes that Phison's Director of Product Architecture, Imran Hirani, resides in this district.[35] Vervain asserts that Mr. Hirani is knowledgeable about technical information in this

---

[29] Dkt. 20, at 9.
[30] *Id.* at 6–7.
[31] *Id.*
[32] *Id.* at 7–8.
[33] *Id.* at 8.
[34] Dkt. 26, at 6.
[35] *Id.*

9

case and that he may require compulsory process which would be available only in this district.[36] Vervain also notes that Dr. Rao prosecuted the asserted patents from Texas and that most of the attorneys who prosecuted the patents are based in Texas.[37] Vervain further argues that Kingston has identified no one with relevant technical information at any third-party and that Kingston has provided no explanation for why it would take the uncommon route of calling a prior art inventor as a witness.[38]

The Court notes that neither party has "alleged or shown" that a non-party witness is unwilling to testify. Both parties speculate that certain non-party witnesses are "presumed to be" or "presumably" unwilling to testify.[39] But neither party has alleged, much less shown, that a non-party witness is unwilling to testify. Because the parties have not taken that extra step, the Court finds that this factor is neutral. *In re TikTok*, 85 F.4th at 360 ("[W]e cannot say that the district court committed a clear abuse of discretion in holding that this factor is neutral when petitioners have failed to identify any *unwilling* non-party witness.") (emphasis added).

### 3. Cost of Attendance for Willing Witnesses

"The third factor focuses on 'the cost of attendance for willing witnesses.'" *In re TikTok*, 85 F.4th at 361 (quoting *Volkswagen 2*, 545 F.3d at 315). The Fifth Circuit uses a 100-mile threshold in assessing this factor. *Id.* When the distance between the

---

[36] *Id.* at 6–7.
[37] *Id.* at 7.
[38] *Id.* at 7–8.
[39] Dkt. 20, at 7; Dkt. 26, at 6.

existing venue and the destination venue is more than 100 miles, "the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *Id.* (quoting *Volkswagen 2*, 545 F.3d at 317). In other words, "the factor of inconvenience borne by witnesses positively and linearly scales with the additional distance they must travel." *In re Clarke*, 94 F.4th at 514.

Kingston argues that this factor heavily favors transfer.[40] Kingston asserts that its U.S. employees who are knowledgeable about "the design, research, development, engineering, testing, or manufacturing of the Accused products," as well as its employees who are knowledgeable about "marketing, sales, and financials," work out of Kingston's headquarters in California.[41] Kingston also argues that Vervain's principal place of business in Dallas, Texas, presents no obstacle because Vervain's complaint identifies no relevant employees in that office nor any other ties to this district.[42]

Vervain argues that this factor strongly disfavors transfer.[43] Vervain asserts that its most important witness, Dr. Rao, cannot be expected to travel to California to testify.[44] Vervain explains that Dr. Rao has a heart implant that would make traveling from his home in Dallas to a trial in California very difficult.[45] Vervain also asserts that two other likely witnesses—its manager who lives near Dallas and an expert witness who works at Texas A&M—would experience an increased cost of

---

[40] Dkt. 20, at 9.
[41] *Id.* at 9–10.
[42] *Id.* at 10.
[43] Dkt. 26, at 11.
[44] *Id.* at 9.
[45] *See id.*

attendance if the case were transferred.[46] Vervain argues that Kingston, on the other hand, fails to specifically identify even one of its employees they believe would be important to this case.[47]

The Court finds that this factor weighs against transfer. Kingston has not identified any *specific* employees who have relevant and material information about this case. Instead, Kingston broadly declares that all of its U.S. employees with relevant knowledge are located at its headquarters in Fountain Valley, California.[48] While those employees would have to travel a significant distance to reach this district, "[t]he Court cannot properly weigh the relevance and materiality of information known by witnesses who have yet to be identified." *Freedom Pats. LLC v. DISH Network Corp.*, No. 4:23-CV-00303, 2024 WL 1147828, at *5 (E.D. Tex. Mar. 15, 2024).[49]

Vervain, by contrast, has identified at least one relevant witness.[50] Dr. Rao is the sole inventor on each of the asserted patents, so he is likely to have relevant testimony. *Uniloc USA Inc. v. LG Elecs. USA*, No. 4:17-CV-0825-O, 2018 WL 3419175, at *4 (N.D. Tex. May 14, 2018) ("[I]nventors and prosecutors are . . . likely

---

[46] *See id.* at 9–10.
[47] *Id.* at 10.
[48] *See* Dkt. 20, at 9–10.
[49] Courts often give little weight to the cost of attendance for unnamed or unidentified witnesses. *See, e.g.*, *Geers v. Unlimited Imagination, LLC*, No. MO:24-CV-00034-DC, 2024 WL 3467743, at *6 (W.D. Tex. May 5, 2024); *Emerging Auto. LLC v. Kia Corp.*, No. 2:23-CV-00434-JRG, 2024 WL 3170398, at *7 (E.D. Tex. June 25, 2024); *Resonant Sys., Inc. v. Apple, Inc.*, No. MO:23-CV-00077-ADA, 2024 WL 4346391, at *9 (W.D. Tex. Apr. 18, 2024); *Civita v. Profuture Holdings, LLC (TX)*, No. 4:23-CV-00852-O, 2024 WL 218545, at *5 (N.D. Tex. Jan. 4, 2024); *JBS Hair, Inc. v. Sun Taiyang Co.*, No. 1:21-CV-1857-MLB, 2022 WL 1684044, at *2 (N.D. Ga. May 26, 2022); *MacroSolve, Inc. v. GEICO Ins. Agency, Inc.*, No. 6:12CV74MHS-KNM, 2014 WL 12597415, at *3 (E.D. Tex. Jan. 30, 2014).
[50] Dkt. 26, at 9.

to have relevant testimony in a patent infringement suit.") (internal quotation marks omitted). Because Dr. Rao lives in Dallas, a trial in the Central District of California would be significantly farther from his home than a trial in this district. Dr. Rao has also indicated that his health condition would prevent him from making the trip to California.[51] The Court therefore finds that the inconvenience to Dr. Rao, combined with Kingston's failure to identify any specific willing witnesses, weighs this factor against transfer.[52]

### 4. All Other Practical Problems

"The fourth factor considers 'all other practical problems that make trial of a case easy, expeditious[,] and inexpensive." *In re TikTok*, 85 F.4th at 362 (quoting *Volkswagen 2*, 545 F.3d at 315). For example, "the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *SQIP, LLC v. Cambria Co., LLC*, 728 F. Supp. 3d 447, 456 (E.D. Tex. 2024) (internal quotation marks omitted). It runs counter to judicial efficiency to have "two courts ruling on the same patent asserted by the same plaintiff." *SVV Tech. Innovations, Inc. v. Micro-Star Int'l Co.*, No. 6:22-CV-511-ADA, 2023 WL 2775166, at *8 (W.D. Tex. Apr. 4, 2023).

---

[51] Dkt. 26-2, at ¶ 8
[52] Although the Court agrees with Vervain about Dr. Rao, the same is not true for Vervain's manager and potential expert witness. Vervain has not explained why its manager's likely testimony about "Vervain's business" would be relevant to this case. Dkt. 26, at 9. Nor has Vervain provided information about where the expert witness lives aside from stating that he works at "Texas A&M." *Id.*

13

Kingston argues that transferring this action would not present any practical problems.[53] Kingston contends that Vervain's previous lawsuits in this district do not give it a free pass to avoid transfer.[54] Kingston notes that half of the asserted patents in this case were not asserted in the earlier lawsuits and that there is no overlap in the products accused of infringement.[55] Kingston also contends that the current *Phison* action in this court does not impede transfer.[56] Kingston acknowledges that Vervain has asserted the same patents in both cases but argues that there is virtually no overlap in the products accused of infringement.[57] Kingston argues that any incremental gains in judicial efficiency do not outweigh the convenience of litigating this case in California.[58]

Vervain argues that this factor disfavors transfer.[59] First, Vervain notes that the *Phison* case is before this Court and that Vervain has asserted the same patents against Phison and Kingston.[60] Vervain further explains that Phison designs memory controllers that infringe the asserted patents and that Kingston buys those controllers to use in the accused products.[61] Second, Vervain notes that this Court previously considered four of the asserted patents in the *Micron* and *Western Digital* cases and that the four newly asserted patents are continuations of the patents in

---

[53] Dkt. 20, at 10.
[54] *Id.*
[55] *Id.* at 11.
[56] *Id.*
[57] *Id.*
[58] Dkt. 32, at 5.
[59] Dkt. 26, at 11.
[60] *Id.*
[61] *Id.* at 3

14

those cases.[62] Vervain also notes that this Court has already construed many of the claim terms for which Kingston now requests new constructions.[63] Considering these cases, Vervain argues that judicial economy strongly disfavors transfer.[64]

The Court finds that this factor weighs against transfer. Vervain's suit against Phison is before this Court and involves the same patents as this case.[65] If the Court transferred this case and the *Phison* case remained here,[66] it would "risk[] inconsistent rulings on the patents-in-suit." *SVV Tech.*, 2023 WL 2775166, at *8. Not only that, but the Court has also construed some of the claim terms at issue here in the *Micron* and *Western Digital* cases.[67] While the Court is mindful that judicial economy will not undermine a clear case for transfer, *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023) (*Google 2*), the Court finds that this factor weighs against transfer here, *see, e.g.*, *Emerging Auto. LLC v. Kia Corp.*, No. 2:23-CV-00434-JRG, 2024 WL 3170398, at *12 (E.D. Tex. June 25, 2024).

### 5. Administrative Difficulties Flowing from Court Congestion

"The fifth factor considers 'the administrative difficulties flowing from court congestion.'" *In re TikTok*, 85 F.4th at 363 (quoting *Volkswagen 2*, 545 F.3d at 315). The focus is on "docket efficiency," an issue that district courts are better placed to evaluate. *Id.* (quoting *In re Planned Parenthood*, 52 F.4th at 631). "This factor

---

[62] *Id.* at 12.
[63] *Id.*
[64] *Id.* at 13.
[65] *Compare* Dkt. 10, at ¶ 2, *with Vervain, LLC v. Phison Elec. Corp.*, No. 1-24-cv-00259-ADA, Dkt. 44, at ¶ 2 (W.D. Tex.).
[66] Phison has not moved to transfer. *See Vervain, LLC*, No. 1-24-cv-00259-ADA.
[67] *Compare* Dkt. 27-2, at 2–12, *with* Dkt. 27-5, and Dkt. 27-6.

15

normally weighs against transfer when the 'case appears to be timely proceeding to trial before the' transferee [sic] district." *Id.* (quoting *In re Planned Parenthood*, 52 F.4th at 631). But this factor "should not weigh against transfer when the patentee 'is not engaged in product competition in the marketplace and is not threatened in the market in a way that . . . might add urgency to case resolution.'" *In re Meta Platforms, Inc.*, No. 2023-143, 2023 WL 7118786, at *2 (Fed. Cir. Oct. 30, 2023) (quoting *Google 2*, 58 F.4th at 1383).

Kingston argues that this factor deserves no weight because Vervain has not alleged that it is engaged in any competition with Kingston.[68] Kingston adds that to the extent this factor is considered, it weighs in favor of transfer.[69] Kingston explains that the latest figures available show that the Central District of California had 484 pending cases per judge while this district had 821 and that the median time to trial in both districts is similar.[70] In response, Vervain argues that this factor disfavors transfer.[71] Vervain likewise relies on statistics to argue that transferring this case could extend the case schedule.[72] Vervain explains that this may create a situation where Dr. Rao is unavailable to testify because he is nearly 80 years old and faces a serious health condition.[73]

The Court finds that this factor is neutral. Both Kingston and Vervain offer docket statistics to support their arguments, but those statistics carry little weight.

---

[68] Dkt. 20, at 12–13.
[69] *Id.* at 13.
[70] *Id.*
[71] Dkt. 26, at 13.
[72] *Id.*
[73] *See Id.*

16

*In re Clarke*, 94 F.4th at 510. Having reviewed the record, the case appears to be on track for a timely trial. That would normally weigh against transfer. *In re TikTok*, 85 F.4th at 363. But Vervain has not argued that it is engaged in product competition in the marketplace.[74] So this factor should be treated as neutral. *See Google 2*, 58 F.4th at 1383; *accord Resonant Sys.*, 2024 WL 4346391, at *12.

### 6. Local Interest in Having Localized Interests Decided at Home

"The sixth factor considers 'the local interest in having localized interests decided at home.'" *In re TikTok*, 85 F.4th at 364 (quoting *Volkswagen 2*, 545 F.3d at 315). The Court looks not to "the parties' significant connections to each forum . . . but rather the significant connections between a particular venue and the events that gave rise to the suit." *Id.* (quoting *Def. Distribed*, 30 F.4th at 435). "[T]he local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." *In re Clarke*, 94 F.4th at 511. "Localized interests are present when 'the citizens of the forum have a sufficient interest in the controversy to justify burdening them with jury duty.'" *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 308 (5th Cir. 2024) (quoting 5 ANNOTATED PATENT DIGEST § 36:175.50).

Kingston argues that this factor strongly favors transfer.[75] Kingston notes that no party is present in this district—Kingston being in California and Vervain being in Dallas.[76] Kingston also notes that all of its U.S. employees with certain knowledge about the accused products work out of its headquarters in Fountain Valley,

---

[74] *See* Dkt. 26, at 13.
[75] Dkt. 20, at 13.
[76] *Id.* at 14.

California.[77] Kingston adds that two implicated non-parties, Silicon Motion and Phison, are located in California.[78]

Vervain argues that this factor disfavors transfer.[79] Vervain asserts that this district has a clear connection to the events giving rise to infringement because Mr. Hirani, who allegedly designed the infringing controllers that Kingston's products rely on, resides in this district.[80] Vervain also contends that Kingston has not specifically identified any individual or other significant connections between the location of Kingston's headquarters and the events giving rise to infringement.[81]

The Court finds that this factor is neutral. Kingston highlights the location of each party,[82] but this factor does not turn on the parties' connections to either venue. *See In re Clarke*, 94 F.4th at 511 ("We do not consider the parties' connections to the venue."). Kingston also notes the presence of two non-party companies in California,[83] but the same is true for those entities. *See id.* (reiterating that the focus is on "the significant connections between a particular venue and the events that give rise to the suit"). Kingston further asserts that it has employees who are knowledgeable about the accused products in the destination venue,[84] but Kingston does not connect those employees to any events giving rise to this suit.[85]

---

[77] *Id.*
[78] *Id.*
[79] Dkt. 26, at 14.
[80] *Id.*
[81] *Id.*
[82] Dkt. 20, at 14.
[83] *Id.*
[84] *Id.*
[85] *See id.*

Vervain's argument is similarly unavailing. Vervain has presented some evidence that Mr. Hirani, who allegedly developed the infringing controllers that Kingston relies on, resides in this district.[86] But Vervain has presented nothing to indicate that Mr. Hirani designed the infringing controllers *at his residence*.[87] The Court declines to assume that just because Mr. Hirani resides in this district, he must have designed the infringing controllers here. Because neither party has explained why the citizens of their preferred venue have a sufficient interest in this controversy, this factor is neutral.

### 7. Familiarity of the Forum With the Law That Will Govern the Case

"The seventh factor considers the current district's 'familiarity with the law that will govern the case.'" *In re TikTok*, 85 F.4th at 365 (quoting Volkswagen 2, 545 F.3d at 315). Both parties agree that this factor is neutral because this Court and the courts in the destination venue are similarly familiar with patent law.[88] The Court agrees and finds that this factor is neutral.

### 8. Avoidance of Unnecessary Problems of Conflict of Laws

"The eighth factor focuses on 'the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *In re TikTok*, 85 F.4th at 366 (quoting *Volkswagen 2*, 545 F.3d at 315). Both parties agree that this factor is neutral because the case does not involve conflict-of-law problems or issues in applying foreign law.[89] The Court agrees and finds that this factor is neutral.

---

[86] Dkt. 10-16, at 2.
[87] Dkt. 26, at 14.
[88] Dkt. 20, at 14; Dkt. 26, at 14.
[89] Dkt. 20, at 14; Dkt. 26, at 14.

## CONCLUSION

To recap, the first factor weighs in favor of transfer, the third and fourth factors weigh against transfer, and the remaining factors are neutral. Having considered the factors as a whole, the Court finds that Kingston has not met its burden to "adduce evidence and arguments that *clearly establish* good cause for transfer based on convenience and justice." *Def. Distributed*, 30 F.4th at 433 (emphasis added). Accordingly, it is **ORDERED** that Kingston's Motion to Transfer is **DENIED**. It is further **ORDERED** that Vervain's motion to strike is **GRANTED**.

Signed on January 28, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE